# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| JARRETT NATHAN TAPP, Debtor, | CASE NO. 19-62481 |
| | JUDGE RUSS KENDIG |
| JARRETT NATHAN TAPP, PLAINTIFF, | |
| v. | **MOTION TO DISQUALIFY COUNSEL FOR THE DEFENDANT** |
| BOB EVANS RESTAURANTS, LLC DEFENDANT, | |

## INTRODUCTION

If it pleases the Court, Plaintiff Jarrett Tapp (hereinafter Plaintiff or Tapp), proceeding *pro se*, sets forth the following instances of misconduct on the part of the Defendant Bob Evans Restaurants, LLC's (hereinafter Defendant or BER) Counsel, Attorney Ashley Manfull (hereinafter Attorney Manfull), Attorney Kari Coniglio (hereinafter Attorney Coniglio), Attorney Marcel Duhamel (hereinafter Attorney Duhamel) and The Vorys Law Firm (hereinafter The Vorys Law Firm or Vorys) as a whole. Vorys, and those attorneys assigned to this Defendant, should be disqualified from acting as Counsel or Advocate for the Defendant regarding this adversary proceeding pure Their violations of the Ohio Rules of Professional Conduct and unethical behavior. BER and Vorys were equally willful perpetrators in depriving Tapp his Civil Liberties; (1) Right to Due Process and (2) Privilege from Self-Incrimination. Tapp herein sets forth multiple violations of the Ohio Rules of Professional Conduct.

1

## MEMORANDUM AND LAW IN SUPPORT

Tapp will not regurgitate the entirety of the Complaint nor the sum of actions and misconduct that led to this Adversary Proceeding. The Court explained at the opening of the February 3rd 2020 hearing that everything had been read that was presented by both sides, to paraphrase, *'I know as attorneys it is odd to hear a Judge suggest that they have read everything presented but I assure you that I have.'* Tapp is confident in the Court's understanding of the issues.

*"The Court's power to disqualify attorneys……… stems from the District Court's duty to regulate the conduct of attorneys practicing before it. When determining whether a challenged representation is permissible, the Courts generally discuss the standards suggested by the American Bar Association (ABA). Practically every Federal Court recognizes that the ABA has established the proper standards of conduct for attorneys practicing before the Court. The ABA standards carry great weight in a Court's examination of an attorney's conduct, "[t]he scope of such an inquiry . . . <u>should encompass more than the ABA [standards]</u>." The Courts also rely upon principles of trustee, fiduciary and agency law."* Villanova Law Review, Vol. 30, ISS. 2 [1985].... See Ceramco, Inc. v. Lee Pharmaceuticals, 510 F.2d 268, 271 (2d Cir. 1975) ("Courts have not only the supervisory power but also the **<u>duty and responsibility to disqualify counsel for unethical conduct prejudicial to his adversaries</u>**"); see also Kevlik v. Goldstein, 724 F.2d 844, 847 (1st Cir. 1984); Trust Corp. of Mont. v. Piper Aircraft Corp., 701 F.2d 85, 87 (9th Cir. 1983); Central Milk Producers Coop. v. Sentry Food Stores, Inc., 573 F.2d 988, 992 (8th Cir. 1978); Woods v. Covington County Bank, 537 F.2d 804, 810 (5th Cir. 1976); United States v. Ott, 489 F.2d 872, 874 (7th Cir. 1973); Richardson v. Hamilton Int'l Corp., 469 F.2d 1382, 1385 (3d

2

*Cir. 1972), cert. denied, 411 U.S. 986 (1973); E.F. Hutton & Co. v. Brown, 305 F. Supp. 371, 376 (S.D. Tex. 1969). That the court possesses the power to disqualify counsel for a conflict of interest has been recognized for nearly 100 years. See generally Brown v. Miller, 286 F. 994 (D.C. Cir. 1923) (attorney disqualified); In re Boone, 83 F. 944 (C.C.N.D. Cal. 1897) (attorney disbarred).*

Tapp, while being both counsel and client, views the Vory's Law Firm representing the Defendant to be prejudicial to not only Tapp but more so to the perfection of justice in the matter before the Court. Vorys Attorney, Ashley Manfull, was willfully complicit with BER in seeking to incarcerate Tapp by any means necessary, Law and the right to due process be damned. To have Vorys representing the Defendant would be equivalent to a Judge presiding over a case that was the direct result of that Judge's ruling regarding a complaint previously brought before his Court. The Judge would be predisposed to a conflict of interest concerning the Judges probable position to protect both reputation and Job. Tapp intends to question Attorney Manfull, Attorney Vaughn and Attorney Coniglio before the Court and present evidence during that questioning that will place all three in a conflicted position of duty to Client versus duty to the perfection of justice. [Ohio Rules of Professional Conduct] Rule 3.7 Lawyer As Witness (a) *"A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness ........"*

Prior to the February 3rd 2020 hearing, Tapp was seated outside the Courtroom and acknowledged that two persons, one male and one female, were seated at the table just to the right of the Foyer door leading to the Courtroom. Tapp had never met either person. The female had made eye contact with Tapp several times. Tapp overheard the female explain to the male that, *"He files all of these fucking motions"*. Tapp insists that the comment and the comment's

3

tone were specifically directed toward Tapp as a means to intimidate and harass Tapp prior to the hearing and moving forward with the case. That female would later confirm before the Court that her name was Kari Coniglio, Counsel for BER. Tapp informed Attorney Manfull and Attorney Vaughn of Attorney Coniglio's conduct. Attorney Vaughn explained in reply that Tapp be, (hereto attached as EXHIBIT A) Tapp that, *"....Rest assured that my colleagues and I are well aware of our obligations regarding professionalism and truthfulness."* By Attorney Vaughn's own acknowledgement, Attorney Vaughn's colleagues, Attorney Manfull and Attorney Coniglio, were in fact deliberate in their actions and were especially willful regarding their misconduct and lack of ethics when considering Attorney Manfull and Attorney Coniglio's understanding of their obligations to professionalism and truthfulness.

Tapp believes that allowing The Vory's Law Firm to continue to represent the Defendant is improper and would be in opposition to the perfecting of justice as the Attorney's of record are emotionally invested and with consideration to Attorney Manfull, were complicit with the Defendant in violating Tapp's Civil Liberties. That emotional attachment, the need for revenge just as BER needs revenge, was the catalyst to Attorney Manfull willfully violating the Automatic Stay on BER's behalf and with BER's authority to so do. To now have Attorney Coniglio express her vile frustrations publicly and within ear shot of Tapp, whom she had never before met prior to the February 3rd 2020 hearing, shows a complete disregard for the oaths that she has taken. The Court should rule that there is an inability for Vorys to present before the Court an Attorney who would first seek to oblige by their oath to the process of law or the perfection of justice before seeking to adhere to their oath in representing their client. To date, Tapp believes what he has presented and is presenting to the Court, suffices to show cause that

4

Vorys is not capable of properly proceeding as Counsel for the Defendant in these matters.

When considering Attorney Duhamel's intent to file a motion to dismiss on the basis that an Ohio District Court ruled that a Plaintiff can not assert emotional distress as actual damages goes to <u>continued</u> cause and therefor places Attorney Duhamel in a position to be called as a witness as well. To that point, Prof. Cond. Rule 3.7 disqualifies Attorney Duhamel moving forward as well. Tapp has presented to this Court, in the Amended Complaint, Court rulings (District Court and Appellate Court) that say Tapp most certainly can assert emotional distress as actual damages and Tapp's testimony alone is sufficient, there is no need for medical record to prove emotional distress. For Attorney Duhamel to now intend to file a Motion to Dismiss is in fact continued effort in avoiding the perfection of justice, to which Attorney Duhamel has sworn an oath to uphold.

*"In Re Kaneb the Court stated, "In responding to . . . [a] . . . general challenge to the sufficiency of the damages evidence, we note that emotional damages qualify as "actual damages" under § 362(h). See Holden v. IRS (In re Holden),226 B.R. 809, 812 (Bankr. D.Vt. 1998) ("Emotional distress is an actual injury. . . : Legitimate human emotions are brought to bear when one's rights are trampled on."); In re Carrigan,109 B.R. 167, 170 (Bankr.N.C. 1989) ("The debtor's actual injury here is somewhat imprecise, but it is real — and, it is certainly the result of [the creditor's actions]."); In re McPeck, 1991 WL 8405 at \*3 (Bankr.D.Minn. Jan. 29, 1991).In re Ocasio, 272 B.R. 815, 825 (B.A.P. 1st Cir. 2002)."* - From *Boyd v. United States* 116 U.S. 616, 640 (1886) the Court noted that, *"constitutional provisions for the security of person and property should be liberally construed. . . . It is the duty of Courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon."* At p. 635.

In this jealous regard for maintaining the integrity of individual rights, the Court gave life to Madison's prediction that, *"independent tribunals of justice . . . will be naturally led to resist every encroachment upon rights expressly stipulated for in the Constitution by the declaration of rights."*

To further the point that emotional distress damages may be awarded for willful violation of the automatic stay Tapp presents an especially recent ruling on the topic, *Lansaw v. Zokaites (In re Lansaw)*, No. 16-1867 (3rd Cir. April 10, 2017), the Court was persuaded by the Ninth Circuit's reasoning in Dawson, *"If the automatic stay was meant to protect against non-pecuniary emotional harm, it is only logical that Congress would intend to include damages resulting from that harm when it introduced the award of 'actual damages' as the enforcement mechanism six years later."* The Appellate Court further stated that, *"where a stay violation is patently egregious, a <u>claimant's credible testimony alone</u> can be sufficient to support an award of emotional-distress damages."*

Tapp believes that Vorys is purposely wasting the Court's time, by way of *dilatory conduct,* in seeking such an unattainable ruling by this Court, especially considering that multiple [higher] Courts have ruled in support of Tapp's position. Tapp sets forth as follows the numerous acts of misconduct and lack of ethics by the Defendant's retained Counsel, Vorys;

Prof. Cond. Rule 3.3 Candor Toward The Tribunal: (b) *"A lawyer who represents a client in an adjudicative proceeding and who knows that a person, including the client, intends to engage, is engaging, or has engaged in criminal or <u>fraudulent conduct</u> related to the proceeding shall take reasonable measures to remedy the situation, including, if necessary, disclosure to the tribunal."* Vorys as a Firm, was/were/are consciously aware that BER had committed violations

6

of law by not reporting criminal activity, occurring on BER's property(s) to authorities. Vory's Attorneys, being of obligation, never reported this information to the District Court or State Court concerning Tapp's complaints against BER and Russell German. Tapp will present to the Court audio recordings that show the Defendant intentionally covered up criminal activity that occurred on the Defendant's property. Vorys has been in possession of these recordings and at no point did Vorys' Attorneys, or assistants thereto, inform any Court that the Defendant may have violated State and/or Federal Statutes of Law. Further, Vory's purposely kept information from this Court that BER's purposed intent regarding the "illegal" deposition was to question Tapp to the extent that Tapp would unwittingly waive Tapp's Fifth Amendment Privilege from self-incrimination. The Defendant's lack of rebuttal regarding this in the Defendant's Response so proves. The result therein would lead the Defendant to build a case to have Tapp criminally prosecuted. This unethical conduct was committed during an illegal ancillary proceeding (the "illegal" Deposition) that was not given Grant to take place by this Court, as was legally necessary pursuant to the Automatic Stay [11 U.S. Code § 362].

Prof. Cond. Rule 3.3 Comment [1] *"This rule governs the conduct of a lawyer who is representing a client in the proceedings of a tribunal. See Rule 1.0(o) for the definition of "tribunal." It also applies when the lawyer is representing a client in an ancillary proceeding conducted pursuant to the tribunal's adjudicative authority, such as a deposition……"*

Prof. Cond. Rule 3.3 Comment [12] *"Lawyers have a special obligation to protect a tribunal against criminal or fraudulent conduct that undermines the integrity of the adjudicative process, such as bribing, intimidating or otherwise unlawfully communicating with a witness, juror, court official, or other participant in the proceeding, unlawfully destroying or concealing*

*documents or other evidence, or <u>failing to disclose information</u> to the tribunal when required by law to do so. Thus, division (b) requires a lawyer to take reasonable remedial measures, including disclosure if necessary, whenever the lawyer knows that a person, including the lawyer's client, intends to engage, is engaging, or has engaged in criminal or <u>fraudulent conduct</u> related to the proceeding."*

Prof. Cond. Rule 3.4: Fairness To Opposing Party And Counsel (b) *"falsify evidence, <u>counsel or assist a witness to testify falsely</u>, or offer an inducement to a witness that is prohibited by law;"* Attorney Manfull Counseled (repeatedly and with aggression) Tapp that Tapp did not have a right to a Fifth Amendment Privilege in a Civil Litigation. Attorney Manfull's only position at the time would have been to; (1) Note Tapp's answer and move on to the next question; or (2) Advise Tapp to retain Counsel. Attorney Manfull did neither and instead harassed Tapp to the point that Tapp felt trapped and threatened. In the Defendant's reply to Tapp's Amended Complaint, Vorys states that, *"16. When Attorney Manfull asked the Debtor to clarify the basis for his asserted Fifth Amendment privilege, the Debtor stated: "It would be to make sure I don't self-incriminate myself for further damages." Id. at 42. Attorney Manfull responded that the Debtor could not invoke a Fifth Amendment privilege to protect himself from monetary damages in a civil lawsuit."* **(Doc. 42 pg. 5).** Attorney Manfull made multiple harassing attempts in counseling and/or instructing Tapp to answer a question that Tapp had, multiple times, refused to answer.

Within that same reply Vorys then states that, *"52. Nonetheless, when the Debtor maintained that he had a Fifth Amendment right to refuse to answer the question, BER's counsel immediately stopped the deposition to seek a conference with the Court. Tapp Dep. at*

8

*43-44." (Doc. 42 pg. 14).* The "illegal" deposition record clearly shows that there was no immediacy to the Defendant stopping the "illegal" deposition. To the contrary, the record clearly shows a combative Attorney Manfull, *"You do not. This is a civil lawsuit - time out - by a private party; we are not charging you with a crime. This is for purposes of this lawsuit, <u>You need to answer my question</u>." (Deposition Transcript pg. 42 lines 23 - 25 and pg. 43 lines 1 & 2)*

At this point, Vorys is not even trying to hide their bias to perfecting justice and their intentional dishonesty with the Court itself.

Prof. Cond. Rule 4.3 Dealing with Unrepresented Person: *"……The lawyer shall not give legal advice to an unrepresented person, <u>other than the advice to secure counsel</u>, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client."* As the "illegal" Deposition transcript shows, Attorney Manfull not only Counseled Tapp, she was harassing and intimidating regarding that Counsel.

Prof. Cond. Rule 4.4(a) Respect for Rights of Third persons *"In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, harass, delay, or burden a third person, or <u>use methods of obtaining evidence that violate the legal rights of such a person.</u>"* Attorney Manfull violated Tapp's right to Due Process in attempting to obtain, by unethical behavior and misconduct, evidence that could have eventually been used by BER to have Tapp criminally prosecuted. The act was committed during an ancillary proceeding that occurred without this Court's consent. Further Attorney Coniglio's actions toward and of Tapp prior to the February 3rd hearing were a direct violation of ethics and of conduct, third person related or otherwise (8.4(a)(b)(c)(d)).

9

Prof. Cond. Rule 8.4(a) *violate or attempt to violate the Ohio Rules of Professional Conduct, <u>knowingly assist</u> or induce another to do so, or do so through the acts of another; (b) commit an illegal act that reflects adversely on the lawyer's honesty or trustworthiness; (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation; (d) engage in conduct that is prejudicial to the administration of justice; and (f) knowingly assist a judge or judicial officer in conduct that is a violation of the Ohio Rules of Professional Conduct, the applicable rules of judicial conduct, or other law.*

Attorney Manfull (Vorys) attempted to place Presiding Judge Mark Wiest in a position to violate not only the Oho Rules of Professional Conduct but to further join the Defendant and Attorney Manfull in violating Tapp's right to Due Process as guaranteed under the Fifth and Fourteenth Amendments and Tapp's privilege from self-incrimination under the Fifth Amendment. Attorney Manfull was 100% certain that Tapp lacked privilege and therefor would have also been 100% certain that Judge Wiest would agree with Attorney Manfull's position. Attorney Manfull's intent was of "purpose" and "knowledge". In a civil matter, a party does not have to prove the violation to have been completed, merely knowledge of the purpose intended. Defendant's Counsel intended to entwine Judge Wiest into the violations of Tapp's Right to Due Process as well as Tapp's privilege from self-incrimination.

10

## **CONCLUSION**

For the reasons stated herein, Tapp respectfully requests that the Court schedule a hearing giving both parties an opportunity to address the Court prior to Your Honor GRANTING Tapp's Motion. Tapp also requests that the Court instruct the Trustee to Tapp's Estate hereby STAY any investigative review currently underway specifically for the benefit of the Defendant with regard to Tapp's Estate. FURTHERMORE, TAPP SAYETH NAUGHT.

March 12th 2020

Respectfully Submitted,

*Jarrett Tapp*
*amberandjarrett@icloud.com*
*7700 Back Orrville Rd.*
*Wooster, Ohio 44691*

# CERTIFICATE OF SERVICE

I, Jarrett Tapp, certify that on this day, the 12th day of March 2020 a copy of this document was filed with this Clerk. Pursuant to Local Bankruptcy Rule 9013-3, a true and correct copy of this document was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Marcel C. Duhamel, on behalf of Bob Evans Restaurants LLC, at mcduhamel@vorys.com

Kari B. Coniglio, on behalf of Bob Evans Restaurants LLC, at kbconiglio@vorys.com

Ashley Manfull, on behalf of Bob Evans Restaurants LLC, at ammanfull@vorys.com

Anthony J. Degirolamo, Trustee-Canton, ajdlaw@sbcglobal.net, amber_weaver@sbcglobal.net, ad@trustesolutions.com, AD07@trustesolutions.net

Cynthia J. Thayer, ustpregion09.cl.ecf@usdoj.gov

and by regular U.S. mail, postage prepaid, on:

American Express National Bank c/o Zwicker & Associates, P.C. 80 Minuteman Road P.O. Box 9043 Andover, MA 01810-1041

PRA Receivables Management, LLC PO Box 41021 Norfolk, VA 23541

Jarrett Tapp
amberandjarrett@icloud.com
7700 Back Orrville Rd.
Wooster, Ohio 44691

# EXHIBIT A

# RE: [EXTERNAL] Misconduct

February 4, 2020 at 3:43 PM

From "Vaughn, Jonathan R."

To Jarrett Tapp

Mr. Tapp,

Thank you for the note. I have spoken with Ms. Coniglio and Ms. Manfull. Rest assured that my colleagues and I are well aware of our obligations regarding professionalism and truthfulness.

Jon Vaughn

**From:** Jarrett Tapp <amberandjarrett@icloud.com>
**Sent:** Tuesday, February 04, 2020 10:28 AM
**To:** Vaughn, Jonathan R. <JRVaughn@vorys.com>
**Subject:** [EXTERNAL] Misconduct

CAUTION: External Email

Good Morning,

I am sure you are aware that yesterday, February 3rd 2020, we had a hearing regarding a violation of the Automatic Stay concerning my Petition for Chapter 7 Bankruptcy Protection. Prior to that hearing, a woman, who I assumed to be Kari Coniglio, explained to a colleague that, "he files all of these fucking motions". While I can not prove that the woman was speaking of me or not is beside the point. The woman presented herself before the Court as Kari Coniglio. I was in a position to inform the judge of the misconduct and poor choice of venue to share such a thought. I chose not to inform the Judge out of a courtesy to her colleague who would have had to testify to the act. I suggest that you speak with your colleague and take the proper steps regarding informing Judge Kendig of the misconduct and assure the Court and me of Attorney Coniglio's intended professionalism going forward. This was a pass and as I have explained to Attorney Manfull, there will be no more passes. Your office has several recordings of my dealings with Bob Evans, your office does not have them all. Yesterday in the Courthouse was the only time where I wasn't in a position to record what was said. That last line should be thought of as extremely important, make certain that there is no confusion between what Attorney Manfull remembers pre-deposition and/or how that information is put by pen to paper by Attorney Coniglio. I will not hesitate bringing forth evidence proving perjury should statements in BER's forthcoming response be inaccurate or of purpose to mislead.

Thank you for your time,
Jarrett

From the law offices of Vorys, Sater, Seymour and Pease LLP.

CONFIDENTIALITY NOTICE: This e-mail message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JARRETT NATHAN TAPP, | ) | CASE NO. 19-62481 |
| Debtor, | ) | |
| | ) | JUDGE RUSS KENDIG |
| | ) | |
| JARRETT NATHAN TAPP, | ) | |
| PLAINTIFF, | ) | |
| v. | ) | |
| BOB EVANS RESTAURANTS, LLC | ) | |
| DEFENDANT, | ) | |

## NOTICE (pursuant to official form 420A) OF MOTION TO DISQUALIFY COUNSEL FOR THE DEFENDANT

Jarrett Tapp has filed papers, via Motion.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to impose sanctions upon you, or if you want the Court to consider your views on the motion, then on or before March 27th 2020, you or your attorney must:

**File a written response, an answer, explaining your position at:**

United States Bankruptcy Court 401 Mckinley Ave SW Canton, OH 44702

1

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

**You must also send a copy to:**

1. Movant, Jarrett Tapp at 7700 Back Orrville Rd. Wooster Ohio 44691. E-mail: amberandjarrett@icloud.com.

2. Anthony J. DeGirolamo, Trustee: 3930 Fulton Drive NW, Suite 100B Canton, OH 44718-3040. E-mail: ajdlaw@sbcglabal.net

3. Cynthia J. Thayer, US Department of Justice, 201 Superior Avenue, Suite 441, Cleveland, OH 44114-1234. E-mail: ustpregion09.cl.ecf@usdoj.gov

4. American Express National Bank c/o Zwicker & Associates, P.C. 80 Minuteman Road P.O. Box 9043 Andover, MA 01810-1041

5. PRA Receivables Management, LLC PO Box 41021 Norfolk, VA 23541

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

March 12th 2020

*Respectfully Submitted,*

*Jarrett Tapp*
*amberandjarrett@icloud.com*
*7700 Back Orrville Rd.*
*Wooster, Ohio 44691*

2

# CERTIFICATE OF SERVICE

*I, Jarrett Tapp, certify that on this day, the 12th day of March 2020 a copy of this document was filed with this Clerk. Pursuant to Local Bankruptcy Rule 9013-3, a true and correct copy of this document was served:*

*Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:*

*Marcel C. Duhamel, on behalf of Bob Evans Restaurants LLC, at mcduhamel@vorys.com*

*Kari B. Coniglio, on behalf of Bob Evans Restaurants LLC, at kbconiglio@vorys.com*

*Ashley Manfull, on behalf of Bob Evans Restaurants LLC, at ammanfull@vorys.com*

*Anthony J. Degirolamo, Trustee-Canton, ajdlaw@sbcglobal.net, amber_weaver@sbcglobal.net, ad@trustesolutions.com, AD07@trustesolutions.net*

*Cynthia J. Thayer, ustpregion09.cl.ecf@usdoj.gov*

*and by regular U.S. mail, postage prepaid, on:*

*American Express National Bank c/o Zwicker & Associates, P.C. 80 Minuteman Road P.O. Box 9043 Andover, MA 01810-1041*

*PRA Receivables Management, LLC PO Box 41021 Norfolk, VA 23541*

_____
*Jarrett Tapp*
*amberandjarrett@icloud.com*
*7700 Back Orrville Rd.*
*Wooster, Ohio 44691*