# THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Case No. 19-62481-rk |
| JARRETT NATHAN TAPP, | Chapter 7 |
| Debtor. | Judge Russ Kendig |

### BOB EVANS RESTAURANTS, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT ON CONTESTED MATTER

Bob Evans Restaurants, LLC ("BER"), by and through its undersigned counsel, and with leave of Court, hereby moves for judgment on the pleadings and/or summary judgment with respect to the availability of any damages with respect to the alleged violation of the automatic stay Debtor asserts BER committed. For the reasons explained in the attached Memorandum In Support, the pleadings and evidence of record establish that Debtor is not entitled to damages in any form as a matter of law.

*/s/ Marcel C. Duhamel*
Marcel C. Duhamel (0062171)
Kari B. Coniglio (0081463)
**VORYS, SATER, SEYMOUR AND PEASE LLP**
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
mcduhamel@vorys.com
kbconiglio@vorys.com

*Counsel to Bob Evans Restaurants, LLC*

THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re:                                                                          Case No. 19-62481-rk

    JARRETT NATHAN TAPP,                            Chapter 7

    Debtor.                                                            Judge Russ Kendig

**<u>MEMORANDUM IN SUPPORT OF BOB EVANS RESTAURANTS, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT ON CONTESTED MATTER</u>**

**<u>PRELIMINARY STATEMENT</u>**

    In the Northern District of Ohio, emotional distress is not a basis for an award of damages for a violation of the automatic stay. Even where damages of that kind can be recovered, courts within the Sixth Circuit demand specific allegations and corroborative proof in the form of medical testimony. Debtor's Amended Motion and related papers demonstrate the absence of either. Because damages for alleged emotional distress are the only compensatory damages the Amended Motion reveals Debtor to seek, this Court should dismiss the claim.

    Debtor proceeds *pro se*, so attorneys' fees are also unavailable to him. In the absence of an award of any damages or recoverable attorneys' fees, punitive damages are also unavailable. In any event, on the face of the Amended Motion, BER's alleged conduct here does not, as a matter of law, exhibit the kind of egregious behavior or intentional malice that merits consideration of punitive damages.

    Most of Debtor's allegations so far have focused, and likely much of his opposition to this Motion will focus, on matters that have nothing to do with the act allegedly constituting a stay violation. *See* Debtor's "Statement of Facts" in Am. Mot. Req.'g Order to Show Cause for Willful Violation of Automatic Stay at 23-34, ECF No. 36, which makes no reference

1

whatsoever to the alleged stay violation and recites alleged facts occurring in 2018. Whether BER, before the commencement of Debtor's bankruptcy or even after it, has somehow engaged in conduct giving rise to employment or other claims, or whether BER's counsel (correctly)[1] pointed out to Debtor during a deposition that a civil litigant cannot rely on the Fifth Amendment to avoid testimony in the absence of a reasonable fear of criminal prosecution, simply has no

---

[1] "The Fifth Amendment can be asserted in noncriminal cases, however the Fifth Amendment cannot be asserted to a deposition question in a civil case unless the answer might incriminate the deponent in a future ***criminal*** proceeding." *Johnson v. Johns*, Nos. 2:02-cv-33, 2:02-cv-34, 2005 U.S. Dist. LEXIS 45577, at *6 (W.D. Mich. May 19, 2005) (emphasis added). The Fifth Amendment privilege against self-incrimination "is grounded on a reasonable fear of danger of prosecution." *United States v. Damiano*, 579 F.2d 1001, 1003 (6th Cir. 1978) (affirming trial court's decision to hold a witness in contempt of court for refusing to testify because the testimony could not possibly lead to a criminal prosecution). *See also Smith v. Old Dominion Freight Line,* No. 3:15-CV-560-CRS, 2016 U.S. Dist. LEXIS 199168, at *8 (W.D. Ky. Dec. 9, 2016) (holding defendant in a negligence action did not have a reasonable fear of prosecution when asked whether he was on drugs or alcohol at the time of the accident because it would be impossible to prove that he was actually on drugs or alcohol in a future criminal proceeding); *Expert Janitorial, LLC v. Williams*, No. 3:09-CV-283, 2010 U.S. Dist. LEXIS 96635, at *8-9 (E.D. Tenn. Sept. 15, 2010) (affirming the magistrate judge's order granting plaintiff's motion to compel, as defendants' did not have a reasonable fear of prosecution because civil liability under a statute that also contains criminal penalties was not enough to invoke the Fifth Amendment); *Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coalition of Life Activists*, No. 05-mc-002, 2006 U.S. Dist. LEXIS 11468, at *12-15(S.D. Ohio Feb. 28, 2006) (affirming the magistrate judge's ruling that a judgment debtor's fear that his status as an "anti-abortion" advocate could expose him to criminal liability was not a reasonable fear of prosecution); *Hardin v. Carcara*, No. 02-443-C, 2006 U.S. Dist. LEXIS 104452, at *5-6 (W.D. Ky. Jan. 23, 2006) (holding a defendant in a § 1983 action did not have a reasonable fear of prosecution when the questions asked were not "attempts to elicit information that would subject him to further prosecution"). The Sixth Circuit has held that where there is nothing suggestive of incrimination given the setting, a civil litigant must present evidence supporting his claim of a reasonable fear of prosecution. *In re Morangoth*, 718 F.2d 161 (6th Cir. 1983). "[S]ufficient evidence is presented by a witness if a court can, by the use of reasonable inference or judicial imagination, conceive a sound basis for a reasonable fear of prosecution." *Id*. at 169. The court further stated "***a witness must supply personal statements under oath or provide evidence with respect to each question propounded to him to indicate the nature of the criminal charge which provides the basis for his fear of prosecution***." *Id*. at 169-70 (emphasis added). The court also noted "public policy also requires that a witness bear the burden of establishing the foundation of the privilege beyond his mere 'say so.'" *Id*. at 170. Debtor has not alleged at any time that he is the subject of a criminal investigation or has a ***reasonable*** apprehension of criminal prosecution arising out of any conduct about which he was questioned by BER's counsel.

2

bearing on the limited issues before this Court.  The only issues presented by this Motion are whether Debtor has plausibly alleged—or presented evidence to show—that he suffered compensable harm for the alleged violation of the stay that occurred when BER's counsel in a pending civil matter conducted roughly an hour of deposition questioning before adjourning the deposition for the purposes of, among other things, determining whether that litigation was subject to the stay.  Because Debtor has not made cognizable allegations or offered colorable evidence of harm, this Court should grant this Motion and terminate this contested matter.

## **FACTUAL BACKGROUND AND PROCEDURAL POSTURE**

On December 20, 2019, Debtor filed a Motion to Inform the Court of an Intentional and Purposed [sic] Violation of the Automatic Stay.  (ECF No. 18).  Debtor amended the motion on December 26, 2019, and again on February 3, 2020. (ECF Nos. 21, 36).  The February 3, 2020 filing is now the operative pleading (the "Amended Motion").  BER filed a response on February 18, 2020, and Debtor filed a reply on February 24, 2020. (ECF Nos. 42, 45). By order dated March 13, 2020 this Court designated the Amended Motion a contested matter and permitted BER to file a dispositive motion directed to damages on or before March 27, 2020. (ECF No. 50).

The Amended Motion and the February 24, 2020 reply allege that, the day after filing for bankruptcy protection, Debtor appeared for a previously scheduled deposition in a civil action in which he was the defendant and BER was the plaintiff. (ECF Nos. 36, 45). He does not allege that he filed a notice of the automatic stay in that civil action.  Instead, he alleges that he handed BER's counsel a creditor's matrix which he admitted he had not yet filed, and represented to BER's counsel that he had filed for bankruptcy protection the previous day.  Debtor does not allege he gave BER's counsel a copy of any document that had actually yet been filed in this

3

Court. Debtor permitted BER's counsel to question him on the record for roughly one hour. A transcript of that proceeding is part of the record already before this court and it is attached to this Motion as Exhibit A. (Am. Mot. Req.'g Order to Show Cause for Willful Violation of Automatic Stay Ex. B, ECF No. 36 (partial transcript); Resp. to Debtor's Mot. and Am. Mot. Ex. B, ECF No. 31 (full transcript)). Roughly fifty-five minutes into the deposition, Debtor and BER's counsel engaged in a colloquy regarding Debtor's assertion of a purported Fifth Amendment right to refuse to answer questions that might disadvantage him in the litigation. (Tapp Dep. 41:18-44:13). That prompted an attempted call to the court. (*Id.* at 45:3-45:22). When the parties could not reach the court, they agreed to adjourn the deposition pending a determination of, among other things, whether the litigation was stayed as a result of the filing of a bankruptcy. (*Id*. at 45:16-47:18). Debtor does not allege that BER took any further actions in violation of the automatic stay.

Debtor alleges he suffered "emotional distress" as a result of the deposition having gone forward. However, Debtor's pleadings and the evidence of record reveal that any emotional distress he claims to have suffered is the result of BER's alleged conduct either long before he filed a bankruptcy or as a result of what he characterizes as an effort to deprive him of his asserted Fifth Amendment rights. Debtor offers no corroborating evidence in the form of medical testimony, nor does he allege any specific quantum of emotional harm tied exclusively to the fact that the deposition proceeded for roughly one hour after he told BER's counsel that he had, the day before, filed for bankruptcy protection.

Debtor proceeds in this action *pro se*. As a consequence, he has incurred no attorneys' fees in connection with the Amended Motion.

# LAW AND ARGUMENT

## I. STANDARD OF REVIEW

This Court has designated the Amended Motion a contested matter. Under Fed. R. Bankr. P. 9014(a), relief shall "be requested by motion." Fed. R. Bankr. P. 9014(c) provides for the application of various provisions of the Part VII Rules. Fed. R. Bankr. P. 7012(b) is not among the Rules generally applicable "unless the court directs otherwise," but Fed. R. Bankr. P. 7056 is expressly made applicable. Whether viewed as a motion under Fed. R. Bankr. P. 7012(b) for judgment on the pleadings or under Fed. R. Bankr. P. 7056 for summary judgment, this Motion, under the current procedural posture, is subject to a similar standard. Application of these standards to the Amended Motion, Debtor's reply in support, and the evidentiary materials Debtor has incorporated into those pleadings compels the conclusion that Debtor is not entitled to recovery of any form of damages in this matter. This Court should enter an order to that effect, deny the Amended Motion, and terminate this contested matter.

### A. Fed. R. Bankr. P. 7012(b)

The standard of review applicable to a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is the same standard that is applied to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir. 1998). Dismissal for failure to state a claim is appropriate where the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Although *pro se* pleadings are normally held to a less stringent standard than formal pleadings drafted by lawyers, even before *Twombly* and *Iqbal* were governing law, this "lenient treatment generally accorded to pro se litigants [had] limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). At no time have either "this Court [or] other courts . . . been willing to abrogate basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). Today, *pro se* complaints are subject to *Twombly* and *Iqbal* requirements that complaints plausibly suggest entitlement to relief. *See, e.g.*, *Garrett v. Belmont Cty. Sheriff's Dept.*, 374 F. App'x. 612, 614 (6th Cir. 2010) (applying *Iqbal* standard to prisoner's *pro se* civil rights claims); *Zibbell v. Michigan Dept. of Human Servs.*, 313 F. App'x. 843, 846 (6th Cir. 2009) (applying *Twombly* standard to *pro se* claims under the Americans with Disabilities Act); *Leinweber v. Bank of Am., N.A.*, No. 3:12-CV-84, 2012 U.S. Dist. LEXIS 65091, at *13 (E.D. Tenn. Apr.18, 2012) (finding *pro se* plaintiffs' complaint was subject to dismissal for failure to state a claim under *Iqbal* and *Twombly* standards despite a "labyrinth of factual statements" because the statements were not correlated to and did not support the legal conclusions asserted in the complaint); *Samples v. Bank of Am., N.A.*, No. 3:12-CV-44, 2012

U.S. Dist. LEXIS 52849, at *8-9 (E.D. Tenn. Apr. 16, 2012) (*pro se* plaintiff's complaint based on mistaken and erroneous allegations concerning standing to foreclose, unfair business practices, quiet title, and injunctive relief was dismissed for failure to comply with *Iqbal* and *Twombly* pleading standards because it contained only bare allegations of fact along with assertions of various legal and equitable theories of relief).

B.   **Rule 7056**

Summary judgment is appropriate "[i]f there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of his case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party "may not rest upon its mere allegations … but … must set forth specific facts showing that there is a genuine issue for trial." *Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012). Further, pure issues of law are appropriate for resolution at the summary judgment stage. *In re Commercial Money Ctr., Inc.*, No. 1:02CV16000, 2007 U.S. Dist. LEXIS 93615, at *30 (N.D. Ohio Dec. 19, 2007).

## II. DEBTOR HAS NOT ALLEGED OR DEMONSTRATED A FACTUAL BASIS FOR AN AWARD OF DAMAGES TO COMPENSATE FOR EMOTIONAL DISTRESS

### A. Damages For Emotional Distress Cannot Be Awarded In the Northern District of Ohio Under 11 U.S.C. § 362(k).

The United States District Court for the Northern District of Ohio has squarely held that "'actual damages' referenced in § 362(h)[2] do not include those intangible damages arising from injury to one's peace of mind." *United States v. Harchar*, 331 B.R. 720, 722 (N.D. Ohio 2005). The court there reversed a bankruptcy court's order permitting a debtor to amend a complaint alleging a violation of the automatic stay to include a claim for emotional distress on the ground that "[b]ecause § 362(h) does not provide for recovery of damages related to emotional distress it would be futile for the [plaintiffs] to amend their complaint to include a claim for such damages." *Id*. Bankruptcy courts in this district have, of course, recognized the effect of this ruling. *See*, *e.g.*, *In re Horace*, 2015 Bankr. LEXIS 2886, *15-16, 74 Collier Bankr. Cas. 2d (MB) 391 (Bankr. N.D. Ohio Aug. 28, 2015) ("damages for emotional distress are not normally allowed under §362(k)(1)"); *Harris v. Mem'l Hosp. (In re Harris)*, 374 B.R. 611, 617 (Bankr. N.D. Ohio 2007) (citing *Harchar* and stating "even if the debtor did incur damages as the result of emotional distress, it is highly questionable whether, as a legal matter, such damages are recoverable"); *McCool v. Beneficial (In re McCool)*, 446 B.R. 819, 824 (Bankr. N.D. Ohio 2010) (citing *Harchar* and stating "in this judicial district, the Northern District of Ohio, the propriety of awarding damages for emotional distress is highly questionable"); *Mitchell v. Anderson (In re Mitchell)*, 545 B.R. 209, 222-23 (Bankr. N.D. Ohio 2016) (recognizing "controversy" over whether emotional distress damages can be recovered but declining to reach issue because of

---

[2] Subsequent to the *Harcher* decision, § 362(h) was redesignated as § 362(k) by Congressional amendment.

lack of evidence of emotional harm); *but see Bankers Healthcare Group, Inc. v. Bilfield (In re Bilfield)*, 494 B.R. 292, 303-04 (Bankr. N.D. Ohio 2013) (stating in *dicta* and without analysis that court agreed with those courts finding that emotional distress damages are recoverable "especially when the debtor proves economic damage," but finding failure of proof where there was no medical evidence to corroborate claim); *In re Mocella*, 552 B.R. 706, 724 n.20 (Bankr. N.D. Ohio June 15, 2016) (assuming without deciding that emotional distress is compensable but refusing to award damages for embarrassment, anxiety, tightness in chest and high blood pressure where debtor offered no link between claimed symptoms and stay violation and no evidence quantifying emotional harm).

To whatever extent *Harchar* is not dispositive, this Court should follow its reasoning nonetheless. The *Harchar* court recognized that a few circuit courts—the First and the Ninth—allowed for the recovery of emotional distress damages in cases alleging violations of the automatic stay. *Harchar*, 331 B.R. at 727-28. The Seventh Circuit, however, did not. *Id*. at 726-27. Because the Sixth Circuit had not then weighed in directly on the question—and it has not yet done so as of the date of filing this brief—the court then proceeded to analyze the text of the statute and its legislative history in light of the rules of statutory construction. *Id*. at 726, 28-32. The court held that "there can be little doubt that when § 362(h) was enacted in 1984, Congress was concerned not with providing debtors compensation for emotional harms, but with providing explicit statutory authorization for the 'only previously available remedy for a stay violation: Contempt.'" *Id.* at 730 (citations omitted). "Rather, courts recognized that 'the problems of proof, assessment, and appropriate compensation attendant to awarding damages for emotional distress are troublesome enough in the ordinary tort case, and should not be imported into civil contempt proceedings.'" *Id*. (citations omitted). Thus, the court held, "[g]iven this

9

state of the law, Congress would have to have included a clear expression of any intent it may have had to authorize compensation for emotional distress damages under § 362(h). . . .***This Congress did not do***." *Id.* (emphasis added). Indeed, the Court said, "Congress has shown that when it intends to permit compensation of emotional harms it knows very well how to do so." *Id.* at 732 (referencing express provision for recovery due to "emotional pain" and "mental anguish" in 42 U.S.C. § 1981a(b)). Ultimately, the court held: "… by considering the language of the statute in terms of its purpose and in light of the circumstances surrounding its enactment, it is clear that Congress did not intend to authorize the award of emotional damages under § 362(h)." *Id*. at 732.

This Court should follow the carefully-reasoned *Harcher* decision and conclude that emotional distress is not compensable under § 362(k).

### B. Even if Damages For Emotional Distress Could Be Awarded, Debtor Has Failed To Allege Or Show Facts That Would Support Such An Award

In any claim for damages under § 362(k), damages "must be proven with reasonable certainty and must not be speculative or based on conjecture." *In re Bilfield*, 494 B.R. at 302, citing *Archer v. Macomb Cnty Bank*, 853 F.2d 497, 499-500 (6th Cir. 1988). "Any damages must have been reasonably incurred as a proximate result of the stay violation and must have a sufficient factual foundation." *Id*., citing *In re Baer*, No. 11-8062, 2012 Bankr. LEXIS 2849 (B.A.P. 6th Cir. June 22, 2012). Debtors "have an obligation to attempt to mitigate damages prior to seeking court intervention." *In re Mitchell*, 545 B.R. at 22. Courts in this District recognize "the sound judicial policy that ***profit-making from violations of either the automatic stay or discharge injunction is 'inherently improper***.'" *Id.* at 23 (emphasis added), quoting *Duling v. First Federal Bank of the Midwest (In re Darling)*, 360 B.R. 643, 645-47 (Bankr. N.D.

10

Ohio 2006). Thus, "the automatic stay afforded by § 362 operates as a shield, protecting debtors and their estates, and should not be used as a sword for their enrichment." *In re McCool*, 446 B.R. at 824.

Courts within this District hold that, to whatever extent emotional distress damages remain available at all after *Harchar*, they are available only when two circumstances are both present. First, there must be "a close causal connection between the stay violation and the emotional harm suffered." *In re Bilfield*, 494 B.R. at 303-04. Second, "there must be corroborative evidence of such damages, which is usually offered in the form of medical evidence." *Id*. at 303-04, *citing In re McCool*, 446 B.R. at 824 (requiring "strong corroborative evidence . . . usually in the form of medical evidence); *In re Mitchell*, 545 B.R. at 22-23 (refusing to award emotional distress damages, assuming *arguendo* they are recoverable as a matter of law, where evidence showed no more than "fleeting and inconsequential distress"). This makes sense, because "[g]iven the ease with which they can be manufactured, claims for damages based purely on emotional distress are not favored in the law." *In re McCool*, 446 B.R. at 824.

Debtor here offers no corroborative evidence of the emotional harm he says he suffered as a result of the claimed violation of the automatic stay, whether in the form of medical testimony or otherwise. Indeed, at the pretrial in this matter, he made it clear he has no such evidence, and in any event the Amended Motion and the reply refer to none whatsoever. Debtor, in essence, alleges he felt intimidated and pressured during the roughly 60 minutes during which he was deposed (although he does not allege that he was prevented, in any way, from simply getting up and leaving the deposition room). He makes no allegations that he sought or required any kind of medical treatment for that alleged anxiety, which amounts to nothing more than the

11

kind of "fleeting and inconsequential distress" that courts in this District recognize is not compensable. This Court has refused to award emotional distress damages even in the face of far more substantial, and consequential, stay violations than that alleged here. *See*, *e.g.*, *In re Mitchell*, 545 B.R. 209 (defendant filed four documents in pending litigation and commenced new litigation, all in violation of the stay and with actual knowledge of bankruptcy); *In re McCool*, 446 B.R. 819 (defendant sent nine debt collection notices after receipt of service of petition for bankruptcy relief, some of which additionally violated discharge injunction); *In re Bilfield*, 494 B.R. 292 (defendant caused service of process to issue three separate times, each in willful violation of the stay and with actual knowledge of the bankruptcy, including once by an aggressive process server in person before Debtor's patients in waiting room resulting in actual loss of patient business).

    Debtor recites a litany of alleged wrongs he says he has suffered at the hands of BER and/or various of its counsel either before the alleged stay violation or, instead, as a result of being told he should answer questions in a deposition despite believing (wrongly) that he had a Fifth Amendment right not to provide testimony that might disadvantage him in civil litigation. Of course, here too he offers no corroborative evidence, but even if he had, this alleged distress is not the proximate result of the alleged stay violation. Any compensable damages must have been proximately caused by the deposition going forward at all; any alleged misconduct at that deposition (and to be clear, there was none) would not have been proximately caused by the alleged stay violation itself and could be adequately addressed by the court supervising the litigation in which it occurred in any event. *See*, *e.g.*, *In re Mitchell*, 545 B.R. at 29 (noting that courts have adequate means of policing their own dockets and can deter litigation misconduct without need for additional deterrence through stay violation proceedings).

12

The Amended Motion simply fails to present allegations that support any award of damages for emotional distress.

### III. DEBTOR HAS NOT PLED ANY OTHER FORM OF COMPENSATORY DAMAGE.

Debtor's Amended Motion seeks no other form of compensatory damage. (*See* Am. Mot. Req.'g Order to Show Cause for Willful Violation of Automatic Stay at 13-14, ¶¶ 3-4, ECF No. 36). The "compensatory" damages Debtor seeks in ¶ 4 are actually punitive damages, discussed below, and in any event, relate to alleged violations of Debtor's Fifth, Fourth, and Fourteenth Amendment rights and not to the alleged stay violation *per se*.

Debtor would not be entitled to attorneys' fees even had he requested them, because *pro se* litigants may not recover attorneys' fees, even if they are lawyers. *See Kay v. Ehrler*, 499 U.S. 432, 437 (1991).

### IV. DEBTOR IS NOT ENTITLED TO PUNITIVE DAMAGES

Research has not located a single case within the Sixth Circuit in which a court awarded punitive damages for a stay violation in the absence of an award of compensatory damages, at least in the form of an award of attorneys' fees[3]. Courts in other circuits have held that such an award would be impermissible. *See*, *e.g.*, *Fernandez v. GE Capital Mortg. Servs. (In re Fernandez)*, 227 B.R. 174, 180 (B.A.P. 9thCir. 1999); *McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 168 (B.A.P. 9th Cir. 1995); *Garner v. Teran (In re Garner)*, No. 10-63228-B-13, 2012 Bankr. LEXIS 6128, at *8 (Bankr. E.D. Cal. Mar. 16, 2012); *Malicki v. Bernstein (In re Bernstein)*, 447 B.R. 684, 705 (Bankr. D. Conn. 2011); *In re Prusan*, 495 B.R. 203, 208 (Bankr. E.D.N.Y. 2010); *Adams v. Peterson (In re Adams),* No. 01-02576, 2002 Bankr. LEXIS 415, at *7

---

[3] The Court in *In re Bivens*, 324 B.R. 39, 42 (Bankr. N.D. Ohio 2004) suggested in *dicta* that an award of punitive damages does not require a finding of actual damages, but that court awarded attorneys' fees, which § 362(k) expressly includes as a component of actual damages.

13

(Bankr. N.D. Iowa Apr. 19, 2002). Here, where Debtor is not entitled to any form of compensatory damages, he is also not entitled to punitive damages as a matter of law.

In any event, Debtors' pleadings (*see* ECF No. 36 at 13-14, ¶ 4) establish that the "punitive damages" he seeks have nothing to do with the alleged stay violation. Instead, he seeks vast sums to punish what he describes as a campaign by BER and its counsel to somehow seek "revenge" against him by violating his purported constitutional rights, apparently by BER successfully defending itself in a series of lawsuits he brought, by refusing to pay him to stop suing BER, and by commencing a civil action against him. *See id*. at 18-20. Whatever can be said of these assertions, they do not establish any intentional malice in beginning a deposition after Debtor told BER's counsel that he had commenced a bankruptcy the previous day.

"Punitive damages are appropriate ***only*** when a creditor acts egregiously, vindictively, or with intentional malice." *In re Mitchell*, 545 B.R. at 223 (emphasis added); *and see Baer v. HSBC Auto (In re Baer)*, Nos. 10-21006, 2011 Bankr. LEXIS 5790, *12 (Bankr. E.D. Ky. Aug. 22, 2011). Debtor offers no allegations that, if believed, would show that BER's conduct in beginning a deposition for roughly 60 minutes after Debtor told its counsel he had commenced a bankruptcy the previous day, and in then adjourning the deposition to consider whether, among other things, the litigation was in fact subject to a stay, was egregious, vindictive, or intentionally malicious, whether Debtor now claims he found the deposition unpleasant or not.[4] As was true

---

[4] The deposition transcript is, again, part of the record. Ex. A. Nothing in it can be read even to suggest, let alone establish, that BER's counsel behaved in an egregious, vindictive or intentionally malicious way. BER's counsel asked questions germane to pending litigation. Debtor answered some of them and refused to answer others. BER's counsel certainly did dispute Debtor's claim that the Fifth Amendment somehow shielded him from deposition testimony, but not only was BER's counsel's statement true (*see supra,* fn 1), nothing in the transcript supports any conclusion that it was made through intentional malice. Indeed, when the

19-62481-rk    Doc 59    FILED 03/25/20    ENTERED 03/25/20 13:45:08    Page 15 of 18

with Debtor's claim for emotional distress, this Court has not found it appropriate to award punitive damages in cases involving substantially more consequential stay violations. *See*, *e.g.*, *In re Mitchell*, 545 B.R. 209 (awarding compensatory damages only where defendant filed four documents in pending litigation and commenced new litigation, all in violation of the stay and with actual knowledge of bankruptcy); *In re McCool*, 446 B.R. 819 (awarding compensatory damages only where defendant sent nine debt collection notices after receipt of service of petition for bankruptcy relief, some of which additionally violated discharge injunction, even where the defendant "may well have acted vindictively").

     Debtor has been involved in several pieces of litigation against BER and its employees, and it is clear from his pleadings in this matter that he is disappointed by the results. That, however, coupled with however strongly he may feel that those results should have been different or however much he attributes those results to BER's counsel rather than to inadequacies in his own legal positions, simply has no bearing on the issues before this Court. The Amended Motion establishes that Debtor is not entitled to an award of punitive damages as a result of the violation of the automatic stay he alleges.

---

parties could not reach the court to get a ruling on the issue, they agreed to adjourn the deposition. (Tapp Dep. 45:16-47:23).

## CONCLUSION

On the face of the Amended Motion and the evidentiary record, Debtor is not entitled to any form of damages. This Court should enter an order denying the Amended Motion, terminating the contested matter, and awarding no damages.

*/s/ Marcel C. Duhamel*
Marcel C. Duhamel (0062171)
Kari B. Coniglio (0081463)
**VORYS, SATER, SEYMOUR AND PEASE LLP**
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
mcduhamel@vorys.com
kbconiglio@vorys.com

*Counsel to Bob Evans Restaurants, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing *Motion for Judgment on the Pleadings and/or Summary Judgment on Contested Matter* was served via the Court's Electronic Case Filing System on March 25, 2020, on the following who are listed on the Court's Electronic Mail Notice List:

- Kari B. Coniglio     kbconiglio@vorys.com, mdwalkuski@vorys.com
- Anthony J. DeGirolamo, Trustee - Canton     ajdlaw@sbcglobal.net, amber_weaver@sbcglobal.net;ad@trustesolutions.com;AD07@trustesolutions.net
- Marcel C. Duhamel     mcduhamel@vorys.com, mdwalkuski@vorys.com
- Ashley M. Manfull     ammanfull@vorys.com, jlpohlod@vorys.com
- United States Trustee     (Registered address)@usdoj.gov

Additionally, a copy of the foregoing *Motion for Judgment on the Pleadings and/or Summary Judgment on Contested Matter* was served via ordinary U.S. Mail, postage prepaid, on March 25, 2020, upon the parties identified below:

American Express National Bank
c/o Zwicker & Associates, PC
80 Minuteman Road
PO Box 9043
Andover, MA 01810-1041

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

Jarrett Nathan Tapp
7700 Back Orrville Road
Wooster, OH 44691

*/s/ Marcel C. Duhamel*
Marcel C. Duhamel (0062171)

17