**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:24 PM March 30, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JARRETT NATHAN TAPP, | ) | CASE NO. 19-62481 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Bob Evans Restaurants, LLC (Bob Evans) filed a motion to extend the time to file a dischargeability complaint, seeking an additional ninety (90) days. Debtor, appearing *pro se*, opposes the motion.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(I). The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

The parties have been engaged in litigation for years. When Debtor filed this case, Bob Evans had a case pending in the Wayne County Court of Common Pleas. Bob Evans

1

Restaurants, LLC v. Tapp, Case No. 2019 CVC-H 000383.  Counts include defamation, tortious interference with business relationship, vexatious litigator, and more.  According to Debtor's Statement of Financial Affairs, he has counterclaims but is prevented from filing by a preliminary injunction.

Currently, the deadline for creditors to object to discharge or file a dischargeability complaint is March 30, 2020.  Bob Evans seeks to extend this deadline ninety (90) days, to June 28, 2020.  It alleges it is working with the chapter 7 trustee to settle the issues but the trustee needs additional time for review.

Debtor, in turn, argues that a ninety day extension is useless because the matter will not be adjudicated in that time frame.  Until and unless an adjudication against him is made, no debt exists.  He also references his action against Bob Evans for a violation of the stay which is pending.  He requests the court deny the motion.

## **DISCUSSION**

Rule 4007(c) sets the deadline for filing a complaint under 11 U.S.C. § 523(c), requiring a complaint be filed "no later than 60 days after the first date set for the meeting of creditors under § 341(a)."  The short time frame is purposed to further 'two important bankruptcy policies:  (1) the prompt administration of bankruptcy cases, and (2) the fresh start goal of bankruptcy relief.'  In re Sheppard, 532 B.R. 672, 676 (B.A.P. 6th Cir. 2015) (citing In re Bolzt-Rubinstein, 454 B.R. 614, 619 (Bankr. E.D. Pa. 2011)).  However, the rule also provides that "on motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision.  The motion shall be filed before the time has expired."  Bob Evans timely filed its motion seeking on extension on February 18, 2020.

What constitutes "cause" for an extension is not defined in the Bankruptcy Code.  Nor has the Sixth Circuit had occasion to define it in the context of Bankruptcy Rule 4007(c).  Three sister bankruptcy courts within the Sixth Circuit have utilized the following five considerations in analyzing a Rule 4007(c) extension request:

> (1) whether the creditor has received sufficient notice of the deadline and the information to file an objection; (2) the complexity of the case; (3) whether the creditor has exercised diligence; (4) whether the debtor has refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.

In re Luckey, 2019 WL 1028905 (Bankr. N.D. Ohio 2019); In re Vinson, 509 B.R. 128 (Bankr. S.D. Ohio 2013); In re Gandy, 2013 WL 3216130 (Bankr. E.D. Tenn. 2013).  As the Luckey court noted, this test was employed by the Sixth Circuit Bankruptcy Appellate Panel in its analysis of Rule 4004(b)(1), the comparable provision that establishes a 60-day deadline for

filing complaints objecting to discharge.  Luckey at *2 (citing McDermott v. St. George (In re St. George), 2017 WL 1379321, *4 (B.A.P. 6th Cir. 2017)).  The court will also utilize these factors in its review of Bob Evans' motion.  Bob Evans bears the burden of proof.  Id.

The first consideration, concerning Bob Evans' notice, weighs in favor of Debtor.  Bob Evans clearly had notice of deadline, filing its objection weeks before the deadline.  It has not been prejudiced by inadequate notice of the deadline.

The second factor, the complexity of the case, tends toward Bob Evans.  Although the court is not convinced that the underlying claims involved are unusually complex from a legal standpoint, to the extent the parties' litigation history is a component of those claims, it adds a layer of convolution.  Bob Evans specifically referenced the trustee's need for additional time to review the matter.  Additionally, based on the information before the court, the trustee must not only consider the claims Bob Evans has against Debtor, but also may need to consider any counterclaims Debtor has against Bob Evans.

The third factor, regarding Bob Evans' diligence, also leans in its favor.  Bob Evans not only acted diligently in filing its request, it also appears to have acted diligently in engaging with the chapter 7 trustee.

The fourth factor, regarding Debtor's cooperation, is indeterminate.  No specific instance of bad faith is referenced but the court is aware of acrimony between the parties.

The final consideration favors Bob Evans.  It requests an extension because it is engaged in settlement discussions with the chapter 7 trustee.  Allowing time for negotiations has the same end result as permitting an extension on the chance that a decision with collateral estoppel effect will be rendered, as both potentially obviate the need for a complaint.

Additionally, Debtor's arguments do not demonstrate a lack of cause.  His main argument, that the matter will not be resolved in ninety days, is immaterial.  The matter does not have to be resolved in order for Bob Evans to file a complaint.  Nor does it matter that the debt is unliquidated.  Bob Evans could file a complaint today.  It seeks an extension in order to first pursue settlement negotiations with the chapter 7 trustee.

The court finds the extension is not unreasonably long and therefore will not unduly delay administration of Debtor's bankruptcy case or his fresh start.  Consequently, the court will grant the motion as to Bob Evans only.  The deadline will otherwise remain in place for all other creditors and parties in interest.

A separate order is to issue immediately.

#     #     #

**Service List:**

Jarrett Nathan Tapp
7700 Back Orrville Road
Wooster, OH 44691

Kari B. Coniglio
Marcel C. Duhamel
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114