**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 11:25 AM May 4, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JARRETT NATHAN TAPP, | ) | CASE NO. 19-62481 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

*Pro se* Debtor Jarrett Nathan Tapp moved to disqualify attorneys Ashley Manfull, Kari Coniglio and Marcel Duhamel individually, as well as their law firm, Vorys, Sater, Seymour, and Pease LLP ("Vorys") (collectively "Respondents"), from continued representation of Bob Evans Restaurants, LLC ("Bob Evans"). He alleges multiple violations of Ohio's Rules of Professional Conduct. Respondents oppose disqualification.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor is a former employee of Bob Evans. Prior to his bankruptcy case, Debtor filed

1

three cases against Bob Evans. Two were dismissed for failure to state a claim and the third was voluntarily dismissed by Debtor. When Debtor filed his bankruptcy case, he was a defendant in an action by Bob Evans in the Wayne County Court of Common Pleas. Counts in that action include defamation, tortious interference with business relationship, vexatious litigator, and more. Bob Evans Restaurants, LLC v. Tapp, Case No. 2019 CVC-H 000383. Bob Evans obtained a preliminary injunction preventing Debtor from bringing counterclaims in its action.

When he filed this case, a postpetition deposition in the state court action was scheduled. Debtor attended and participated in the deposition. Attorney Ashley Manfull conducted the deposition for Bob Evans. Debtor contends his participation was coerced and that the deposition violated the automatic stay. He also says he was prevented from asserting his Fifth Amendment right against self-incrimination and Attorney Manfull's attempt to contact the state court judge during the deposition for a ruling on that issue was wrong. He filed a motion in this court seeking damages for the purported stay violation. According to Debtor, Attorney Manfull should be disqualified because she is a potential witness and her conduct violated various rules of professional conduct.

Debtor seeks to disqualify Attorney Kari Coniglio for unbecoming conduct. He alleges, prior to a hearing in this court, in an attempt to intimidate or harass him, she commented "he files all of these fucking motions." ("Statement") She submitted an affidavit denying the comment was either directed to him or about him.

He claims that Attorney Duhamel should be disqualified because he may be called to testify regarding his intent to file a motion to dismiss Debtor's motion for violation of the automatic stay.

As for Vorys, Debtor argues that BER is maintaining an untenable legal position on the issue of whether he is entitled to emotional damages for a violation of the stay. He also posits that Vorys breached its ethical duties in not reporting criminal and/or fraudulent conduct by Bob Evans and one of its managers.

He cites numerous rules of professional conduct as a basis for disqualification of Respondents.

## DISCUSSION

To start, the court will address Debtor's request for a hearing his motion to disqualify. Local Bankruptcy Rule 9013-1(e) provides:

> (e) *No Oral Arguments on Motions*. Motions and applications shall be decided without oral argument unless otherwise provided in these rules or a hearing is scheduled by the Court.

Debtor does not cite any rule or other authority requiring a hearing on this matter. Upon review

of the pleadings, the court finds that a hearing will not materially advance the court's understanding of the issues presented in either Debtor's motion, the response, or the reply. The court therefore declines to schedule a hearing.

While there is no set standard for disqualification, there are guiding principles. Per the District Court for the Northern District of Ohio,

> Disqualification of counsel is viewed with disfavor because it impinges on the party's right to employ the attorney of its choice.
>
> Disqualification is an extreme remedial measure, and the Court should disqualify an attorney "only when there is a reasonable possibility that some specifically identifiable impropriety actually occurred and, in light of the interest underlying the standards of ethics, the social need for ethical practice outweighs the party's right to counsel of his own choice." Lamson & Sessions Co. v. Mundinger, No. 4:08CV1226, 2009 WL 1183217 (N.D. Ohio May 1, 2009) (Boyko, J.) (citations and internal quotations omitted).
>
> The party seeking disqualification "bears the burden of demonstrating the need to disqualify counsel even though the allegation involves ethical considerations. Id. at *4 (citing Centimark Corp. v. Brown Sprinkler Serv., Inc., 85 Ohio App.3d 485, 620 N.E.2d 134, 137 (11th Dist.Ohio App.1993)). Disqualification must be a necessary remedy to the violation. Id.

FDIC v. Commonwealth Land Title Ins. Co., 2012 WL 3912764, *3 (N.D. Ohio 2012).

Pursuant to Local Bankruptcy Rule ("LBR") 2090-2(a), "attorneys admitted to practice in this Court shall be bound by the ethical standards of the Ohio Rules of Professional Conduct adopted by the Supreme Court of the State of Ohio, so far as they are not inconsistent with federal law." Under LBR 2090-2(b), professional conduct and discipline are governed by Local Civil Rule 83.7. Subpart (a) of the rule mimics LBR 2090-2(a). Rule 83.7(b) provides the penalty for any failure to comply with applicable ethical standards:

> (1) For misconduct defined in this Rule, and for good cause shown, and after notice and opportunity to be heard, any attorney admitted to practice before this Court may be subjected to such disciplinary action as the circumstances warrant.
>
> (2) Acts or omissions by an attorney admitted to practice before this Court, individually or in concert with any other person or persons, which violate the Ohio Rules of Professional Conduct

3

adopted by this Court shall constitute misconduct and shall be
grounds for discipline, whether or not the act or omission
occurred in the course of an attorney-client relationship

With this backdrop, the court will examine each of Debtor's allegations of misconduct.

   1. **Professional Rule of Conduct 3.7:  Lawyer as Witness**

Debtor contends all three attorneys are unable to continue to represent Bob Evans because they are likely to be called as witnesses.   Rule 3.7 provides:

> (a) A lawyer shall not act as an advocate at a trial in which the
> lawyer is likely to be a necessary witness unless one or more of
> the following applies:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of
>> legal services rendered in the case;
>>
>> (3) the disqualification of the lawyer would work sub-
>> stantial hardship on the client.
>
> (b) A lawyer may act as an advocate in a trial in which another
> lawyer in the lawyer's firm is likely to be called as a witness
> unless precluded from doing so by Rule 1.7 or 1.9.

Two matters are before the court which may conceivably lead to a trial or evidentiary hearing: Debtor's stay violation motion and Bob Evans' complaint objecting to dischargeability.  Debtor has raised no issues regarding the latter, likely because it was filed after his motion, leaving the court to consider only the former.

Since Attorney Manfull conducted the deposition at the heart of the alleged stay violation, Debtor believes her testimony will be pertinent.   At present, the parties have presented legal memoranda on Debtor's entitlement to damages.  No factual issues are before the court that require testimony and Respondents deny any exist.   In the event a contested factual issue does arise, the court sees no reason that Attorney Manfull would have to act as both witness and advocate.   Two other Vorys attorneys entered notices of appearance in this case and could represent Bob Evans if Attorney Manfull must testify as outlined in subpart (b) of Rule 3.7.

Debtor also suggests that Attorney Coniglio's Statement is worthy of disqualification. Even if Debtor is correct, and she made the Statement and directed it to him, there is nothing before the court which would lead to her need to testify regarding the Statement.   In the unlikely event her testimony would be required, other members of the firm can continue to represent Bob

4

Evans. Further, based on what is contained in the motion to disqualify, and temporarily assuming Debtor's version of the facts, the single, isolated incident involving the Statement may be unbecoming but is not clearly actionable.

Finally, Debtor wants Attorney Duhamel disqualified because he may be required to testify regarding Bob Evans' position that Debtor is not entitled to emotional damages for a stay violation. On one hand, Debtor seems to suggest Bob Evans' argument is legally untenable and Respondents are proceeding in bad faith with Attorney Duhamel's endorsement. Alternatively, Debtor appears to conflate the presentation of legal arguments with witness testimony. Regardless, Debtor failed to convince the court that Attorney Duhamel's *testimony* will be necessary or likely.

Debtor's motion to disqualify under Rule 3.7 is not well-taken.

## 2. Professional Rule of Conduct 3:3: Candor Toward the Tribunal

Debtor cites Rule 3.3(b) as his basis for disqualification:

> (b) A lawyer who represents a client in an adjudicative proceeding and who *knows* that a person, including the client, intends to engage, is engaging, or has engaged in criminal or *fraudulent* conduct related to the proceeding shall take *reasonable* measures to remedy the situation, including, if necessary, disclosure to the *tribunal*.

(emphasis original). According to Debtor, "Vorys as a Firm, was/were/are consciously aware that [Bob Evans] had committed violations of law by not reporting criminal activity, occurring on Bob Evans' property, occurring on [Bob Evans'] property(s) (sic) to authorities." (M. Disqualify, pp. 6-7, ECF No. 49.) Debtor's motion to disqualify Vorys on this basis fails because Bob Evans' alleged actions in failing to report criminal activity do not relate to the proceeding before this court, his bankruptcy case.

Debtor also posits that Vorys failed to reveal that its nefarious purpose behind "illegal" deposition was to have Debtor waive his Fifth Amendment privilege in order to build a criminal case against him. Since the deposition was conducted in the pending state court case, his argument relates to that proceeding, not this bankruptcy case, and therefore does not fall under Rule 3.3(b). Debtor has not identified a lack of candor by Respondents in this proceeding.

The court denies Debtor's motion to disqualify under Rule 3.3(b).

## 3. Professional Rule of Conduct 3.4: Fairness to Opposing Party and Counsel

Debtor asserts that Attorney Manfull's behavior during the deposition was unfair. In seeking to prevent his assertion of the privilege against self-incrimination, he alleges she violated

Rule 3.4(b):

> A lawyer shall not do any of the following:
>
> * * *
>
> (b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law.

His argument misses the mark. Attorney Manfull's statements regarding the Fifth Amendment were not encouragements for Debtor to testify falsely. She was stating a legal position. Further, the fact that Debtor believes Attorney Manfull should have proceeded differently does not equal a violation of the rules of professional conduct. The court declines to disqualify Attorney Manfull under Rule 3.4.

**4. Rule 4.3: Dealing with Unrepresented Person**

Debtor advances the position that Attorney Manfull should have advised him, as an unrepresented party, to seek counsel. By not doing so, she violated her ethical duties under Ohio Professional Rule of Conduct 4.3. The rule states, in its entirety:

> RULE 4.3: DEALING WITH UNREPRESENTED PERSON
>
> In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding. The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client.

Debtor misunderstands that he *is* represented, choosing to represent himself. As the comments to the rule explain, the purpose of the rule is to avoid confusing an unrepresented party of an attorney's loyalty:

> [1] An unrepresented person, particularly one not experienced in dealing with legal matters, might assume that a lawyer is disinterested in loyalties or is a disinterested authority on the law even when the lawyer represents a client. In order to avoid a misunderstanding, a lawyer will typically need to identify the lawyer's client and, where necessary, explain that the client has interests opposed to those of the unrepresented person.

6

19-62481-rk    Doc 70    FILED 05/04/20    ENTERED 05/04/20 11:55:17    Page 6 of 9

Considering the history of litigation between the parties and Debtor's familiarity with the legal system, any claim that Debtor was confused about who Attorney Manfull represented is preposterous.

Additionally, "not every communication between a lawyer and an unrepresented person constitutes 'advice.'" Zichichi v. Jefferson Ambulatory Surgery Ctr., 2008 WL 2859232, *5 (E.D. La. 2008) (citing First Nat'l Bank of St. Bernard v. Assavedo, 764 So.2d 162 (La.App.2000) (explanatory parenthetical omitted)). To adopt Debtor's position would allow Debtor to use his choice to proceed *pro se*, and represent himself, as a defense. It would hinder the litigation from moving forward and prevent Bob Evans from advocating its legal position(s).

Prior to adoption of Rule 4.3, the comparable disciplinary rule was DR 7-104. See Ohio Rules of Professional Conduct, App'x A.[1] The Board of Commissioners on Grievances and Discipline issued an advisory opinion discussing DR 7-104. In the opinion, it cited Ethical Consideration 7-18, which recognizes "a lawyer representing another may have to deal directly with the unrepresented person; in such an instance, a lawyer shall not undertake to give advice to the person who is attempting to represent himself [herself], except that he [she] may advise him [her] to obtain a lawyer." But the Board further expounded that

> Obviously, there will be interaction between a lawyer and an unrepresented person. To move a matter forward, a lawyer must be able to discuss the subject matter of representation with the unrepresented person. But, the lawyer must do so without giving legal advice and without creating a false impression that he or she represents the unrepresented person's interests.

Bd. Of Commissions On Grievances and Discipline, Opinion 96-2 (Feb. 2, 1996).

During the deposition, Debtor was acting as his own attorney and was not unrepresented. Attorney Manfull's argument that Debtor was not entitled to assert a Fifth Amendment privilege during a deposition in a civil case was not advice, it was a legal argument presented on behalf of her client. The court finds no basis to find that Debtor would have been confused about who Attorney Manfull represented. Consequently, the court finds Debtor's argument under Rule 4.3 is not well-taken.

### 5. Rule 4.4: Respects for Rights of Third Persons

Again, Debtor misunderstands the import of his position and the rule. He is not a third

---

[1] Available at: https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=3&cad=rja&uact=8&ved=2ahUKEwj6yejduJDpAhXpoHIEHfLFCuAQFjACegQIARAB&url=http%3A%2F%2Fwww.supremecourt.ohio.gov%2FLegalResources%2FRules%2FProfConduct%2FprofConductRules.pdf&usg=AOvVaw1VyPgrNKRJBgnDXvpXS5jP (last visited April 30, 2020)

person, he is a party. And not only is he a party, he is both the client and attorney for himself. The rule does not apply in the manner argued by Debtor. Disqualification is therefore unwarranted.

### 6. Rule 8.4: Misconduct

Finally, Debtor argues that Attorney Manfull's attempt to contact Judge Wiest during the deposition was improper. He cites the following provisions of Rule 8.4:

> It is professional misconduct for a lawyer to do any of the following:
>
> (a) violate or attempt to violate the Ohio Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
>
> (b) commit an illegal act that reflects adversely on the lawyer's honesty or trustworthiness;
>
> (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;
>
> (d) engage in conduct that is prejudicial to the administration of justice;
>
> \* \* \*
>
> (e) knowingly assist a judge or judicial officer in conduct that is a violation of the Ohio Rules of Professional Conduct, the applicable rules of judicial conduct, or other law.

(emphasis omitted). There was nothing untoward in seeking a ruling from the court during the deposition. It is not an infrequent practice in many courts. To suggest that Judge Wiest would have been misled to violate his ethical duties besmirches both he and his office.

Debtor's motion to disqualify under Rule 8.4 is denied.

## CONCLUSION

Disqualification of a party's chosen counsel is an extreme measure to be used only when other remedial measures are inadequate. Debtor failed to meet his burden of proof of any ethical violation warranting disqualification of Attorney Manfull, Attorney Coniglio, Attorney Duhamel or Vorys. His motion will be denied by a separate order is to issue immediately.

# # #

**Service List:**

Jarrett Nathan Tapp
7700 Back Orrville Road
Wooster, OH 44691

Kari B. Coniglio
Marcel C. Duhamel
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114

9