**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 10:27 AM July 10, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JARRETT NATHAN TAPP, | ) | CASE NO. 19-62481 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

    On February 3, 2020, *pro* se Debtor Jarrett Nathan Tapp filed an Amended Motion Requesting Order to Show Cause for Willful Violation of Automatic Stay.[1] He alleges Bob Evans Restaurants, LLC ("Bob Evans") violated the automatic stay under 11 U.S.C. § 362 when it conducted a deposition in a state court case on December 13, 2020 after he filed a chapter 7 bankruptcy case on December 12, 2020. Bob Evans denies it violated the stay. On March 25, 2020, it filed a dispositive motion arguing that, as a matter of law, Debtor's motion fails because he is not entitled to emotional damages even if there was a violation of the stay, which it denies.

    The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

---

[1] Per a request from Debtor, the court granted leave for this motion on February 21, 2020.

## BACKGROUND

Debtor is a former employee of Bob Evans. Prior to his bankruptcy case, Debtor filed three cases against Bob Evans. Two were dismissed for failure to state a claim and the third was voluntarily dismissed by Debtor. When Debtor filed his bankruptcy case, he was a defendant in an action by Bob Evans in the Wayne County Court of Common Pleas. The action includes counts for defamation, tortious interference with business relationship, vexatious litigator, and more. Bob Evans Restaurants, LLC v. Tapp, Case No. 2019 CVC-H 000383. Bob Evans obtained a preliminary injunction preventing Debtor from bringing counterclaims in its action.

A postpetition deposition in the state court action was scheduled for December 13, 2020. Appearing *pro se,* Debtor attended and testified at the deposition. He contends that prior to the deposition, he provided actual knowledge of his bankruptcy filing to counsel and by proceeding with the deposition, Bob Evans violated the automatic stay. He seeks "injunctive relief and actual damages from [Bob Evans] for [his] injuries from emotional distress pursuant to Title 11 U.S.C. §362(k)(1)." (Am. M. Requesting Order to Show Cause for Willful Violation of Automatic Stay, p. 12, ECF No. 36). He also seeks punitive damages for the violation of his constitutional rights of Due Process and his entitlement to his Fifth Amendment privilege.

Bob Evans denies it violated the stay. In the present motion, it claims that, even if it did, Debtor is not entitled to damages for emotional distress as a matter of law.

## DISCUSSION

The parties agree that to establish a violation of the stay, Debtor must prove, by a preponderance of the evidence, that (1) the actions taken were in violation of the automatic stay; (2) the violation was willful; and (3) the violation caused actual damages. Barclay v. Reimer & Lorber Co. LPA (In re Barclay ), 337 B.R. 728, 2006 WL 238139, at *5 (B.A.P. 6th Cir. 2006) (table) (citing In re Skeen, 248 B.R. 312, 316 (Bankr.E.D.Tenn.2000)). Bob Evans' motion solely focuses on the third element, founded in § 362(k)(1):[2]

> Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Citing an opinion from the Northern District of Ohio, Bob Evans argues "actual damages" do not include recovery for emotional distress. U.S. v. Harchar, 331 B.R. 720 (N.D. Ohio 2005). Relying on non-Sixth Circuit circuit court opinions, Debtor claims the opposite. Lansaw v. Zokaites (In re Lansaw), 853 F.3d 657 (3rd Cir. 2017).

To start, the court will address the precedential effect of the district court's Harchar

---
2 Prior to the 2005 amendments to the Bankruptcy Code, this provision was designated § 362(h).

decision.  If it is binding precedent, it leaves the court with a lesser opportunity to side with Debtor.  If it is merely persuasive, the court has more latitude to consider Debtor's position.

The court finds the decision is merely persuasive.  A bankruptcy court for the Eastern District of Michigan ably described the reasons why a bankruptcy court is not fully bound by a decision of a district court judge in a multi-judge district:

> an important aspect of the rule of *stare decisis* is that each court is bound to follow its own prior decisions. But we have also noted that the decision of any one district judge is not binding on other district judges. In order to reconcile these truisms, we believe it must be recognized that a decision rendered by an individual judge in a multi-judge district simply does not constitute a decision of the district court itself.[9] Absent a decision of the district court, as such, there is no basis for invoking the doctrine of *stare decisis*. Stated somewhat differently, a decision of the district court cannot be binding on the bankruptcy courts unless it is also binding on the district court as a whole.

First of Am. Bank v. Gaylor (In re Gaylor), 123 B.R. 236, 242 (Bankr. E.D. Mich. 1991) (citations and footnotes omitted).

While the decision may be merely persuasive, it is nonetheless entitled to deference.  In re Cormier, 382 B.R. 377, 409 (Bankr. W.D. Mich. 2008).  The Cormier court concluded district and bankruptcy appellate court opinions should, in the absence of a "deeply considered and well-reasoned analysis" by a bankruptcy court, be followed.  And this court agrees.  As a result, unless this court is firmly convicted that the district court erred, it is generally inclined to follow Harchar.

The Harchar court undertook a comprehensive review of the history of § 362(k)(1). Briefly, it advised that the 1898 Bankruptcy Code did not contain an automatic stay provision but its effect was accomplished through application or order and enforced by contempt actions.  In 1973, an automatic stay provision was added to the Bankruptcy Rules but remained enforceable only through contempt proceedings.  The automatic stay only became a statutory provision with enactment of the 1978 Bankruptcy Code.  Almost immediately, in seeking to enforce the stay via traditional contempt actions, challenges arose over the propriety of using contempt to enforce a statute.  The Harchar court concluded that the 1984 amendment, adding the ability to recover actual damages for a stay violation, was a response to the previous lack of a statutory enforcement mechanism.  Since contempt actions generally did not include recovery for emotional injury, and the legislature did not specifically incorporate language including it in the statute, the Harchar court determined the statute did not provide for it.  The court therefore declined to award damages for emotional distress for a willful violation of the stay.

Multiple other courts, including circuit appellate courts, permit recovery for emotional

3

injury. Without exposition, the First Circuit declared "emotional damages qualify as "actual damages" under § 362(h)." Fleet Mortgage Group, Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999). In Lansaw, the Third Circuit agreed, noting the stay serves to protect financial and non-financial interests. "By seeking to protect against non-pecuniary emotional harm with the automatic stay and by enacting the "actual damages" enforcement provision soon thereafter, Congress sufficiently indicated a departure from any prior practice that may have neglected emotional harms resulting from stay violations." Lansaw, 853 F.3d 657, 669 (citations omitted).

Reversing itself, the Ninth Circuit Court of Appeals also determined that "actual damages" allow recovery for emotional distress. Dawson v. Washington Mutual Bank, N.A. (In re Dawson), 390 F.3d 1139, (9th Cir. 2004). It reasoned that since the statute applies to individuals, not corporations or similar entities, "Congress signaled its special interest in redressing harms that are unique to human beings," including emotional distress. Id. at 1146. Its position was strengthened when it considered a stay provides a debtor with a "breathing spell" and legislative history recognized the "emotional and psychological toll that a violation of a stay can exact from an individual." Id. at 1148. Since these non-financial interests were at stake, their redress must be inherent. The Eleventh Circuit followed, referencing the Dawson analysis. Lodge v. Kondaur Capital Corp., 750 F.3d 1263 (11th Cir. 2014).

The Seventh Circuit was more reticent, finding the purpose of the automatic stay is "financial in character; it is not protection of peace of mind." Aiello v. Providian Fin'l. Corp., 239 F.3d 876, 879 (7th Cir. 2001). It expressed wariness of emotional distress claims due to the ease of manufacture and the lack of proof. Although it left the door open to allow emotional distress claims in conjunction with other damages, it rejected allowing a damage award solely for emotional injury. The Fifth Circuit was equally cautious in broadly allowing emotional distress claims, also recognizing the ease of manufacture. Young v. Repine (In re Repine), 536 F.3d 512, 521 (5th Cir. 2008) (citing Aiello at 879). Although it declined to set forth a specific standard, it advised that a debtor could not rely on "generalized assertions" of emotional injury but must provide "specific information" which the debtor failed to do. Id. (citations omitted).

Upon review of the relevant authority, the court respectfully declines to follow Harchar. Accord Bankers Healthcare Grp., Inc. v. Bilfield (In re Bilfield), 494 B.R. 292 (Bankr. N.D. Ohio 2013); In re Mocella, 552 B.R. 706 (Bankr. N.D. Ohio 2016) (assuming damages for emotional injury are recoverable). While contempt actions may not traditionally provide recourse for emotional injury, the court does not find the term "actual damages" so limiting. "Generally, actual damages include compensatory damages, as opposed to noneconomic or punitive damages, and are defined as '[a]n amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses.'" In re Roman, 283 B.R. 1, 9 n. 9 (B.A.P. 9th Cir. 2002) (quoting Black's Law Dictionary (7th ed.1999)). It would be unfair to prevent redress for a willful violation of the stay simply because an injury or loss was emotional rather than financial. If a debtor can prove an emotional injury that resulted in an actual loss, the creditor should not go undeterred.

This also recognizes that the automatic stay provides protection that extends beyond

4

wage garnishments, repossessions and other actions that generally have a clear economic impact. Collection calls and dunning letters also encroach the stay, frequently with less financial detriment. But that does not mean they cannot result in an injury or loss.

The crucial point is that an actual loss or injury must be proven. Courts universally recognize the high burden required to prove that a stay violation resulted in an emotional injury. And many more recognize that not all stay violations result in compensable emotional injuries. Lodge v. Kondaur Capital Corp., 750 F.3d 1263 (11th Cir. 2014) (noting agreement by Fifth, Seventh and Ninth Circuits).

In this district, one court requires that "strong corroborating evidence must be offered, usually in the form of medical evidence." McCool v. Beneficial (In re McCool), 446 B.R. 819 (Bankr. N.D. Ohio 2010). In addition to corroborating evidence, another concluded "at a minimum, the evidence must show a close causal connection between the stay violation and the emotional harm suffered." Bilfield, 494 B.R. at 303. Similarly, Mocella noted the absence of "evidence of a direct link between [the debtor's] physical symptoms and [the creditor's] conduct." 552 B.R. at 724. Requiring a strong evidentiary foundation and connection between the violation and the injury seeks to limit the concerns about the ease of manufacturing emotional injury claims.

The standard utilized by Dawson and Lodge addresses the need for compelling evidence and balances the concerns of the difficulty of proof against the potential for manufacturing claims in the absence of actual injury or loss. Lodge, 750 F.3d 1263, 1271. "To recover "actual" damages for emotional distress under § 362(k), a plaintiff must (1) suffer significant emotional distress, (2) clearly establish the significant emotional distress, and (3) demonstrate a causal connection between that significant emotional distress and the violation of the automatic stay." Id. (citing Dawson, 390 F.3d at 1149). These elements must be proved by a preponderance of the evidence. McCool, 446 B.R. at 824.

Applying this standard, the court finds Debtor failed to demonstrate he suffered a compensable injury. First, the court is not convinced that Debtor suffered significant emotional distress. He references feeling "detained and powerless" during the deposition, and also feeling "trapped and preyed upon." He said he informed opposing counsel that the deposition was "terrifying" and he asked to use the restroom. He claims that the notion that the deposition was intended to build a criminal case against him and "take away his freedom" has been disturbing. None of these recitations creates a demonstrable showing of significant emotional distress. Being uncomfortable is vastly different than suffering. Debtor provides no evidence of any physical symptoms or injury. There is no corroborating evidence of an emotional injury or loss. Debtor has not met his burden of proof of either of the first two elements.

Moreover, Debtor failed to convince the court that conducting the deposition, the alleged violation of the stay, was the basis for any emotional distress that may have occurred. Debtor seems more disturbed by events that occurred during the deposition, specifically opposing counsel's vehement stance regarding the inapplicability of the Fifth Amendment and her phone call to the state court to seek an immediate ruling. Debtor was representing himself during the

5

proceeding and voluntarily submitted to being deposed. If he failed to stop the deposition on valid legal grounds, the onus is on him.

Debtor prays for injunctive relief, compensatory and punitive damages in the millions of dollars. These requests are not tenable. He has convoluted his desire for compensation for a stay violation with his desire to make Bob Evans pay for every perceived ill he perceives. The two are not related. This inquiry is limited to consideration of damages resulting from his alleged willful violation of the stay, not Bob Evans' history of business and employment practices. Thus, his request for a permanent injunction preventing Bob Evans from further litigation in the pending state court case or any litigation involving the allegations in that complaint is not within the purview of this court except to the extent the discharge injunction may apply. He seeks compensatory damages for the alleged violations of his Fifth Amendment privilege and Due Process. Neither is an appropriate consideration for this court.

He also requests punitive damages, but recognizes "the imposition of punitive damages requires more than a mere willful violation of the stay." (Am. M. Req. Order to Show Cause for Willful Viol. of Auto. Stay, p. 16, ECF No. 36). Courts do not take punitive damage awards "lightly" and punitive damage awards generally "involve conduct that is egregious, vindictive or intentionally malicious." In re Bivens, 324 B.R. 39, 42 (Bankr. N.D. Ohio 2004) (citations omitted). For the purposes of this motion, the court will accept as true that a willful violation of the stay occurred when Bob Evans proceeded with the deposition. Although this action may have been wrong, the record simply does not support a punitive damage award. Bob Evans did not continue to violate the stay. Debtor has pointed to no specific injury or damages that resulted. Representing himself, he voluntarily participated in the deposition. These facts do not support a punitive damage award.

## **CONCLUSION**

Giving teeth to the automatic stay by awarding actual damages for willful violations of the stay serves to protect debtors and deter creditors. Such damages may at times include recovery for emotional loss or injury. Not all emotional distress is compensable and the burden of proof is demanding, in part because of the ease of manufacturing emotional injury. Debtor failed to meet his burden and is therefore unable to recover damages for emotional injury.

The court will grant Bob Evans' motion by separate order to issue immediately.

# # #


**Service List:**

Jarrett Nathan Tapp
7700 Back Orrville Road
Wooster, OH 44691

6

19-62481-rk    Doc 78    FILED 07/10/20    ENTERED 07/10/20 11:09:39    Page 6 of 7

Kari B. Coniglio
Marcel C. Duhamel
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH   44114